IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>TREMONT BLAKEMORE | NO.  3:19-CR-531-E |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR SPECIFIC DISCOVERY

The United States of America responds and objects to the Defendant's Motion for Specific Discovery.  Though the defendant requests the full name and date of birth of each alleged victim named in the indictment, the government is obligated to protect that information pursuant to the Crime Victims Rights Act.  Further, the government submits that its anticipated disclosure of discovery will comply with both FED R. CRIM P. 16 and the principles of *Brady v. Maryland,* 373 U.S. 83 (1963).  For these reasons, the government objects to the defendant's request.

FACTUAL BACKGROUND

On September 11, 2019, Tremont Blakemore was charged with a single count of Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. § 1591(a) and (b)(1).  Dkt. Entry 1.  Ultimately, a federal grand jury returned an indictment charging Blakemore with seven counts of Sex Trafficking by Force, Fraud, and Coercion.  Dkt. Entry 17.  Each count of the indictment relates to a separate victim, who has been given a unique moniker: Adult Victim (AV) and the number associated with when law

enforcement was made aware of their victim status. The indictment references seven separate adult victims: AV1, AV2, AV3, AV4, AV5, AV7, and AV8.[1]

The government is currently gathering, marking and processing discovery, which includes, among other things, several items specifically associated with these AVs: Backpage ads for commercial sex, reports and memoranda of interviews with these AVs, Facebook accounts, cellular telephone downloads, grand jury testimony, and other items. Where possible, the government removes the name of the crime victim and replaces it with their unique moniker. Therefore, "Jane Doe" becomes "AV1" in all documents that reference her or that memorialize her statements.

## ARGUMENT

Pursuant to the Crime Victims' Rights Act, a crime victim has a number of rights, including "the right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). Likewise, crime victims have the right to be treated with fairness and with respect for their dignity and privacy. 18 U.S.C. § 3771(a)(8). Both the government and the court are entrusted with ensuring crime victims are afforded these rights. 18 U.S.C. § 3771(b)(1) (as to the courts); 18 U.S.C. § 3771(c)(1) (as to the government).

With respect to human trafficking victims in particular, in 2015, Congress enacted the Justice for Victims of Human Trafficking Act, with amendments made as recently as January 2019. That act focused on instances and victims of international trafficking in an

---

[1] Although Blakemore's motion references AV6, AV6 is not a named victim in the government's current indictment.

**Government's Response to Defendant's Motion for Specific Discovery—Page 2 of 7**

attempt to strengthen the United States' response to human trafficking worldwide, and specifically charged federal law enforcement officials as follows:

> (ii) Safety
>
> While investigating and prosecuting suspected traffickers, Federal law enforcement officials described in clause (i) shall endeavor to make reasonable efforts to protect the safety of trafficking victims, including taking measures to protect trafficked persons and their family members from intimidation, threats of reprisals, and reprisals from traffickers and their associates.

22 U.S.C. § 7105(c)(3)(A)(ii). Unquestionably, the government asserts that this principle equally applies to human trafficking victims not trafficked across international borders.

In this instance, the AVs have been assured by the government that it will do everything in its power to delay disclosure of their identities and protect their personal information. The AVs, as many victims of trafficking are, and as contemplated by the Justice for Victims of Human Trafficking Act, are fearful of reprisal or intimidation from Blakemore or his associates. As the Court may be aware from the government's motion for pretrial detention, Blakemore remains informed about the movements of potential cooperating witnesses and victims. *See* Dkt. Entry 7, p. 4. For these reasons, the government wishes to refrain from disclosing the victims' identities until it becomes necessary for trial. This position is consistent with the rights of victims discussed above.

This position is equally consistent with the government's obligations under *Brady*. Specifically, *Brady v. Maryland* entitles the defendant to any evidence favorable to the

accused and material to guilt and punishment.  373 U.S. 83 (1963).[2]  The United States is continually mindful of its *Brady* obligations; for this reason, the government intends to turn over all victim interviews in its possession to the defense in a redacted form.  By doing so, Blakemore and his counsel will know exactly which AV made which factual statements, including any statements denying force, fraud or coercion, or other statements Blakemore may believe are exculpatory and material to his defense.  In fact, the government has significant concerns that Blakemore will become aware of the identities of the AVs even with the redacted interviews.  However, in order to comply with its *Brady* obligations, the government will nonetheless disclose that information.  As Blakemore makes no valid showing as to why the victim's particular name is required in order to review this evidence for potentially exculpatory material, his specific request for identifying information should be denied .

    Further, the government is unaware of the potentially exculpatory nature of each victim's date of birth.  In fact, the government ensures that dates of birth for all crime victims are either redacted in discovery productions or fall within the umbrella of a protective order if disclosed.  To the extent that the defense seeks to obtain criminal histories of each victim, that information will be disclosed by the government for all testifying witnesses, consistent with its obligation under *Giglio v. United States*, 405 U.S.

---

[2] Defendant's motion also asserts FED R. CRIM P. 16 as a basis for disclosure of this information.  However, Rule 16 disclosures are generally limited to the statements and criminal history of the defendant, as well as potential objects or items that the government intends to use in its case-in-chief at trial.  While the government fully intends to comply with Rule 16, the names and dates of birth of any victims do not fall within the parameters of this rule.  Indeed, most witness information, even the grand jury transcripts of the victims, and any related Jencks material pursuant to 18 U.S.C. § 3500, are specifically excluded from the government's required disclosures under Rule 16.  FED R. CRIM P. 16(a).

**Government's Response to Defendant's Motion for Specific Discovery—Page 4 of 7**

150 (1972) and *United States v. Bagley,* 473 U.S. 667 (1985). *See generally East v. Scott*, 55 F3d 996, 1003 (5th Cir. 1995) (citations omitted) ("We therefore concluded that the prosecution should bear the burden of obtaining and disclosing the criminal history of its witnesses 'in the interests of inherent fairness.'"); *see also U.S. v. Burns*, 162 F.3d 840, 851 (5th Cir. 1988) (holding that, because the government disclosed the criminal histories of all witnesses who testified, the defense could assert no *Brady* claim with respect to that information). Accordingly, this *Brady* request is equally meritless.

Ultimately, the defense makes no showing of why the particular information sought falls within the scope of *Brady v. Maryland.* While the defense may further assert a Confrontation Clause right with respect to the AVs, "the Confrontation Clause is not a constitutionally compelled rule of pretrial discovery." *Pennsylvania v. Ritchie,* 480 U.S. 39, 51 (1987). Rather, "the right of confrontation is a *trial* right, guaranteeing an *opportunity* for effective cross-examination." *Id., quoting Ohio v. Roberts,* 448 U.S. 56, 73, n. 12 (1980) (emphasis in original). As another district court simply put it: "Neither *Brady*, nor any other decision [that] Court [was] aware of, requires defense counsel priority access to witnesses." *Singh v. Greene*, 2011 WL 2009309 at *23 (E.D.N.Y.2011). Therefore, the defendant's motion should be denied.

CONCLUSION

In light of the above, the government respectfully requests that this Court deny Blakemore's Motion for Specific Discovery. Further, to the extent that the defense raises in its reply any issues not fully addressed above, the government requests a further opportunity to be heard via sur-reply or hearing prior to the Court's ruling in the event additional information may aid the Court in its decision.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Nicole Dana*
MELANIE SMITH
Assistant United States Attorney
Virginia State Bar No. 82663
NICOLE DANA
Assistant United States Attorney
Texas Bar No. 24062268
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8694
Facsimile:  214-659-8805
E-mail:  nicole.dana@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on December 10, 2019, I electronically filed the foregoing document with the clerk for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

                          */s/ Nicole Dana*
                          NICOLE DANA
                          Assistant United States Attorney