**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case Number: 3:19-CR-00531-E(1) |
| TREMONT BLAKEMORE (1), | § § § | |
| Defendant. | § § | |

**ORDER ON MOTION FOR CONTINUANCE**

Before the Court is the Defendant **TREMONT BLAKEMORE's** Unopposed Motion for Continuance, filed on **January 29, 2020** (Doc. No. 40). After careful consideration, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial, and that failure to grant such a continuance might result in a miscarriage of justice. Specifically, the Court finds that the provisions of 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) are satisfied and accordingly, the motion is **GRANTED**.

It is therefore ordered that the trial of the case is reset to **October 26, 2020 at 9:00 a.m.** The period of delay shall be excluded in computing the time within which the trial must commence.

The final pretrial conference is reset for **October 23, 2020 at 9:00 a.m.,** to be held prior to the commencement of trial.

By **September 23, 2020** the government shall provide full discovery to the defendant in accordance with Fed. R. Crim. P. 16(a). By **September 23, 2020**, the defendant shall provide full discovery to the government in accordance with Rule 16(b).

By **September 23, 2020**, the government shall, in accordance with *Brady v Maryland*, 373 U.S. 83 (1963), provide the defendant with all of the exculpatory evidence it possesses concerning the defendant.

The government shall provide with defendant with all Jencks Act Material (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates.

Pretrial motions, if any, must be filed by **September 30, 2020**, and responses thereto by **October 7, 2020.**

Any requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address brown_criminal@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **October 14, 2020**. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel and shall deliver a set of marked exhibits to the Court's chambers (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder. Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C). A copy of the exhibit list must be furnished to the court reporter prior to trial. Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each. During trial, witnesses are to be called by their last, not first, names.

Judge Brown enforces the rule of limited cross examination at trial. Redirects and recrosses are limited to the subject of the immediately preceding examination. Each party is responsible for

keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.  If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room. If the documentary exhibits offered by the parties during trial are more than 15 pages, those exhibits shall be submitted to the Courtroom Deputy on CD at the conclusion of the trial.  The courtroom in which this case will be tried, and in which any motion that is set for hearing will be heard, has electronic equipment to assist in the expeditious presentation of the case and making of the record.  Description of this equipment and training resources for lawyers are available on the Court's website.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government has reason to believe that it will ask questions of a witness, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorney trying the case shall advise the Court of that fact before the witness testifies.

All counsel are directed to advise the Court four (4) days before trial if a plea agreement has been reached.  If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for the defendant should ensure that the defendant has appropriate court attire to wear on the day of trial. If the defendant is incarcerated, defense counsel should ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service office shortly after the defendant arrives at the courthouse.

All other portions of the Court's pretrial order remain in effect.

**SO ORDERED.**

29th day of January, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS